■On which, the Court gave the following opinion:
Kirkpatrick, C. J.
— Thereal question is, whether, upon the death of an ancestor, without issue, the children of a deceased brother, shall take in exclusion of the grand children of such brother, whose mother was dead, before the ancestor. The second section of the act, for altering the Jaw directing the descent of real estates,* enacts, that if any ancestor shall t! ie seized of real estate, without will, and without issue, leaving brothers and sisters, such real estate shall descend to such brothers and sisters, in such proportion, that each brother shall inherit two shares thereof, each of which shall be equal to the share of a sister? And then it provides,
“ That if any of the brothers or sisters of such ancestors, *4 shall have died before such ancestor, leaving issue, the share, or part of the said real estate, which such brother or sister so dying would have been entitled [*] to, under or by virtue of this act, if such brother or sister had survived such ancestor, shall descend to, and be inherited by the said issue of such brother or sister, in the manner, and proportions between male and female, directed by the first section of this act.”
act 29 Jan, 181?", Rev, j508.
Upon these words of the act, I can scarcely discern from whence the doubt in this case has arisen. That the word issue, in legal, as well as common acceptation, comprehends all the descendants of an ancestor, however remote, I think cannot be made a question. Nor is there any thing in the act, which in any way limits that general signification. There are no words to restrain it, and make it to mean the children of such deceased brothers and sisters, living at the time of the death of such ancestor. It extends to every lineal descendant, however remote.
The children of Anna Rodman, therefore, by right of representation, will stand in the same place she herself would have done, had she been living at the time of the death of the ancestor. They are, of course, entitled to recover the one-sixth part of the two-fifths of the real estate of the said William Smith, the ancestor, which was divided and allotted ps the share of James Smith their grandfather. Therefore, let there be judgment for the plaintiff.
Rossell, J.
— I am of the same opinion.
Pennington, J.
— I am of opinion that the lessors of the plaintiff, being the children of Anna Rodman, a daughter of James Smith, who was a brother of the intestate, are entitled by virtue of the proviso in the second section of the act to alter the law, directing the descent of real estates, to a sixth part of the premises in question, notwithstanding the death of their mother before the intestate. That the word issue, in that proviso, is not restrained to brother’s and sister’s children; but to extend to all lineal descendants, of brothers and sisters, be they ever so remote. That the rules of construction, with respect to the statute of distribution of [*]personal property, ought to have no influence in the deci» sion of this question; but that the rules of construction known to, and approved by the common law, must be sought for, in all questions arising on the descent of real property. The lessors of the plaintiff must take, according to the manner and proportion between males and females, pointed put in the first section of the before mentioned act.
By the Court.
— Judgment for the plaintiff,

 Act of 24th May, 1780. Pat. 44,